In the Matter of the Application and Petition for the Writ of Habeas Corpus of Timothy E. DESS, Petitioner Acting Pro Se,

v.

The STATE OF MONTANA, and Its Agents et al., I. E., W. J. Estelle, Jr., Warden of the Montana State Prison, Respondents.

Civ. No. 1874.

United States District Court, D. Montana, Butte Division.

May 23, 1970.

**1326**

Timothy E. Dess, in pro. per.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Asst. Atty. Gen., Helena, Mont., for respondents.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Petitioner was convicted of the burglary of a grocery store. He now seeks a writ of habeas corpus asserting the violation of his Fourteenth Amendment rights. The trial court, after a full hearing, denied a motion to suppress and on appeal the Supreme Court affirmed on the ground that the petitioner

had no standing to invoke the rule of exclusion.[1] State v. Dess, 462 P.2d 186.

It appears that petitioner took the stolen groceries to his mother's home where he spent the night following the burglary. He did not live with his mother, had no possessory rights in her home, and was not present at the time of the search. He does not claim to own the groceries and on the whole record it is clear that he did not. At the time they were seized they were the property of the grocer victim of the burglary. It is clear that the prophylactic purpose of the exclusionary rule based on the Fourth Amendment and directed at the United States by Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 652 (1914), and at the state under the authority of the Fourteenth Amendment by Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, has not yet been so extended as to exclude all evidence obtained by an unlawful search and seizure. In Alderman v. United States, 394 U.S. 165 at 171, 89 S.Ct. 961, 965, 22 L.Ed.2d 176 (1969) it is said:

> "The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence."

Petitioner was aggrieved[2] by the search since the fruits of it were used as evidence to convict him but were his "rights violated by the search"?

Petitioner's rights might have stemmed from his interest in the premises searched under the rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), or from his interest in the article seized under United States v. Jeffers, 342 U.S. 48, 72 S. Ct. 93, 96 L.Ed. 59 (1951). Here defendant was not present at the time of

---

1. There was substantial evidence of petitioner's consent to the search. It is probable that the trial court found that there was a consent, but the record is equivocal. That perhaps is the reason why the Supreme Court decided the case on the basis of standing.

2. In Alderman the court noted that the words "persons aggrieved" as used in F.R.Crim.Proc. 41(e) do not confer a broader protection than the constitutional rule.

the search, and the Supreme Court in *Jones*, while refusing to solve anything in terms of traditional real property concepts, did apparently restrict the holding to persons "legitimately on premises where a search occurs".[3]

The problem with respect to petitioner's interest in the personal property is more difficult. In *Jeffers* the court noted the statute which declares that no property rights shall exist in contraband but notwithstanding the court held that the defendant, solely by reason of his relationship to the property seized, had standing. In this case the lack of title or ownership stems not from an arbitrary act of the sovereign but from the fact that the ownership of the things seized was in the grocer and nothing had happened to change that ownership. Such a distinction standing alone might not differentiate this case from *Jeffers* but there is another and perhaps more substantial distinction. In *Jeffers*, as in *Jones*, the offense involved contraband narcotics and the crime charged was a possessory crime. In such a case proof of ownership in the defendant, or what would be ownership if the narcotics were not contraband, would move the case a long way toward conviction. In the case at hand proof of ownership of the seized articles would tend to acquit or would at least render the evidence completely harmless.

It now appears to be the rule that: the law supplies a standing to invoke the exclusionary rule in the case of a possessory crime where it would be inconsistent for the Government to charge possession for purposes of establishing guilt and deny it for the purposes of the invocation of the exclusionary rule; that where the evidence seized is not of the kind which in itself proves a possessory offense but is of such a character that the defendant's proof of a relationship to the thing seized would be evidence against him, then such proof must be made to establish standing but may not be introduced in evidence against the accused at the trial. As of now, however, there is no rule abolishing the requirement of proof of standing in those non-possessory cases where the successful proof of ownership of the thing seized would tend to acquit rather than convict.

The thought is expressed in Jones that there should not be internally inconsistent convictions. Internally inconsistent acquittals should be equally abhorrent and where, as here, the defendant to prove innocence disavows any relationship to the property seized, the law should not fictionally and inconsistently supply him with a relationship to it in order to give him standing.

The other matters urged by petitioner in support of his petition do not have constitutional proportions.

The writ of habeas corpus is denied.

---

3. In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the court stated the rule of Jones to be: "that the defendant need have no possessory interest in the searched premises in order to have standing; it is sufficient that he be legitimately on those premises when the search occurs", and suggested that the only way standing could be established by one (a non owner) not in the place searched would be through proof of relationship to the thing seized.