**Timothy E. DESS, Appellant,**

v.

**The STATE OF MONTANA, and its Agents, et al., i. e., W. J. Estelle, Jr., Warden of the Montana State Prison, Appellees.**

**No. 26105.**

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1971.

lant has failed to bring himself within any of the eight exceptions mentioned in the statute.

Inasmuch as appellant has no standing to challenge the search, we need not reach the issue of consent.

Consequently, the judgment of the lower court must be, and is, affirmed.

Timothy E. Dess, in pro. per.

Robert L. Woodahl, Atty. Gen. of Mont., J. C. Weingartner, Asst. Atty. Gen., Helena, Mont., for appellees.

Before KILKENNY and TRASK, Circuit Judges, and GOODWIN, District Judge.*

PER CURIAM:

The district court, without a hearing, denied appellant's petition for a writ of habeas corpus, 312 F.Supp. 1325. He appeals. We affirm.

The main thrust of appellant's appeal is that he has standing to challenge the legality of the search and seizure which, in large measure, led to his conviction. The entire record of the Montana trial court was before the Montana Supreme Court, State v. Dess, 154 Mont. 231, 462 P.2d 186 (1969), and was examined by the United States District Court. Any possible issue of fact on the question of standing was resolved against appellant in the state court. We, too, have examined the entire record and find it supports the decision of the Montana Supreme Court. In these circumstances, we are required to invoke the provisions of 28 U.S.C. § 2254(d), which provide, with some exceptions, for the presumptive correctness of factual determinations made by the state courts. Appel-

* The Honorable Alfred T. Goodwin, United States District Judge for the District of Oregon, sitting by designation.